Slip Op. 08-129

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NTN CORPORATION, NTN BEARING CORPORATION OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORPORATION, NTN DRIVESHAFT, INC., NTN-BOWER CORPORATION, AND NTN-BCA CORPORATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>and<br><br>**THE TIMKEN COMPANY,**<br><br>Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 08-00329** |

## OPINION AND ORDER

[Granting motion of defendant for leave to address alleged ministerial error by issuing amended final results of an administrative review of an antidumping duty order]

Dated: November 24, 2008

*Baker & McKenzie, LLP* (*Donald J. Unger*, *Diane A. MacDonald*, and *Joseph W. LaFramboise*) for plaintiffs.

*Stewart & Stewart* (*Geert De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

*Gregory D. Katsas*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Deborah King*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

**Court No. 08-00329**                                                             **Page 2**

        Stanceu, Judge: Plaintiffs initiated this action under 19 U.S.C. § 1516a (2000) to contest

the final results ("Final Results") of an administrative review of an antidumping duty order on

ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom

conducted by the International Trade Administration, United States Department of Commerce

("Commerce" or the "Department").   *Ball Bearings and Parts Thereof From France, Germany,*

*Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Admin. Reviews and*

*Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*").

Defendant moves for leave to allow Commerce to publish amended final results that would

incorporate a correction to what defendant describes as a ministerial error affecting the weighted

average dumping margin that Commerce determined to be applicable to exports by plaintiff NTN

Corporation ("NTN").   Def.'s Mot. for Leave to Publish Am. Final Results Correcting a

Ministerial Error ("Def.'s Mot.").   Plaintiffs oppose the motion on various grounds.   Pls.' Resp.

in Opp'n to the Gov't's Mot. for Leave to Publish Am. Final Results Correcting a Ministerial

Error ("Pls.' Opp'n").   Because allowing the Department to develop and publish amended final

results for the administrative review will further the intent of Congress that ministerial errors be

promptly corrected, will not prejudice any party, and will not cause undue delay or expense, the

court is granting defendant's motion.

## I. BACKGROUND

        In the Final Results, which pertain to a period of review from May 1, 2006 to April 30,

2007, Commerce determined a weighted average dumping margin of 11.96% for NTN.   *Final*

*Results*, 73 Fed. Reg. at 52,825.   During the administrative review, Commerce selected only one

other producer/exporter of subject merchandise from Japan for individual examination in

addition to NTN.  *Id*. at 52,824.  Commerce assigned that producer/exporter, JTEKT Corporation

("JTEKT"), a weighted average dumping margin of 8.03%.  *Id*. at 52,824-25.  Citing a limitation

on its available resources, Commerce declined to review seven other Japanese

producer/exporters, to each of which Commerce assigned the rate of 10.00%, the result of

Commerce's calculating a simple average of the rates assigned to the two reviewed respondents.

*Id*.[1]  The correction Commerce proposes to make to the rate for NTN would also affect the final

results applicable to the seven other exporters that Commerce did not select for individual

examination.

      After the September 11, 2008 publication of the Final Results, defendant-intervenor The

Timken Company ("Timken") submitted to Commerce, on September 16, 2008, ministerial error

comments alleging that Commerce had made an error in the calculation of the adjustment for

NTN's home-market packaging expenses.  Def.'s Mot. 2; Pls.' Opp'n 5.  NTN acknowledges that

it received those comments on September 17, 2008.  Pls.' Opp'n 5.  Defendant asserts that

neither NTN nor any other party to the administrative review proceeding submitted a reply to

Timken's comments.  Def.'s Mot. 2.

      Plaintiffs initiated this action on September 25, 2008, challenging the Final Results on

various grounds.  *See* Compl. ¶ 3.  On the same day that they filed their summons and complaint,

plaintiffs moved for a preliminary injunction under 19 U.S.C. § 1516a(c) to prevent the

---

[1] The seven producer/exporters not selected for individual examination were Aisin Seiki
Company, Ltd., Canon, Inc., Nachi-Fujikoshi Corp., Nippon Pillow Block Company Ltd.,
Sapporo Precision, Inc., Toyota Motor Corp./Toyota Industries Corp., and Yamazaki Mazak
Trading Company.  *Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and
the United Kingdom: Final Results of Antidumping Duty Admin. Reviews and Rescission of
Reviews in Part*, 73 Fed. Reg. 52,823, 52,825 (Sept. 11, 2008).

liquidation of their entries affected by the administrative review, a motion to which defendant

consented.  *See* Mot. for Prelim. Inj. 1-4; *see also* Stipulation Regarding Prelim. Inj. 2.  The

consent motion was granted on September 30, 2008, resulting in an order under which defendant

is enjoined from liquidating entries of plaintiffs' merchandise.  Order, Sep. 30, 2008.

JTEKT and Koyo Corporation of U.S.A. also brought an action contesting the Final

Results by filing a summons and complaint on September 24, 2008, a day prior to the initiation

of this action.  *JTEKT Corp. v. United States*, Court No. 08-00324.  Additionally, Aisin Seiki

Company, Ltd., one of the Japanese producer/exporters not selected for individual examination

by the Department, and Aisin Holdings America, Inc., filed a summons on October 10, 2008 and

a complaint on November 10, 2008 contesting the Final Results.  *Aisin Seiki Co. v. United States*,

Court No. 08-00370.  Defendant United States has filed parallel motions in those cases to issue

amended final results.  The motions are not opposed by the parties to those proceedings.

## II. DISCUSSION

In the antidumping statute, Congress provided, specifically with respect to final results of

administrative reviews, that Commerce "shall establish procedures for the correction of

ministerial errors in final determinations within a reasonable time after the determinations are

issued." 19 U.S.C. § 1675(h) (2000).  A parallel provision in the statute requires Commerce to

promulgate ministerial error correction procedures that apply following issuance of final less-

than-fair-value determinations.  *See id.* § 1673d(e) (2000).  Both provisions require Commerce to

ensure opportunities for interested parties to present their views regarding ministerial errors.  *Id.*

§§ 1673d(e), 1675(h).  Commerce has promulgated procedural rules implementing both

provisions.  *See* 19 C.F.R. § 351.224 (2008).

Court No. 08-00329                                                                          Page 5

The ministerial error provisions in the statute signify the importance Congress attached to

Commerce's correcting ministerial errors promptly after issuance of final determinations in

antidumping proceedings.  Nevertheless, the court may exercise its discretion to disallow

issuance of an amended final determination in an antidumping duty investigation or review in the

special situation where, as here, the published final determination has been contested under

19 U.S.C. § 1516a and therefore is subject to the jurisdiction of the Court of International Trade.

*See Zenith Elecs. Corp. v. United States*, 884 F.2d 556, 562 (Fed. Cir. 1989).  Were the court to

do so by denying defendant's motion, Commerce could correct any ministerial error that may

have occurred in the calculation of the adjustment for NTN's domestic packing expense only

after a remand in this judicial review proceeding rather than through the general ministerial error

correction procedure contemplated by 19 U.S.C. § 1675(h), under which ministerial errors that

may exist in a final determination are to be corrected "within a reasonable time."  19 U.S.C.

§ 1675(h).  The question presented by defendant's motion, and by plaintiffs' opposition to it, is

whether the commencement of this litigation provides the court valid reasons to foreclose the

operation of the usual procedure.  In deciding this question and ruling on defendant's motion, the

court is guided by the general congressional intent signified by 19 U.S.C. § 1675(h) but also is

mindful of its obligations to prevent unfairness to any party and to avoid unnecessary delay or

expense.  *See* USCIT R. 1.  Plaintiffs argue that defendant's motion should be denied in the

interests of judicial economy and fairness to NTN.  Pls.' Opp'n 4.

Plaintiffs acknowledge in their complaint that "[t]he Department made a clerical error in

calculating NTN's home market packing cost adjustment."  Compl. ¶ 36.  Defendant desires that

Commerce correct the calculation of the packing expense adjustment at this time, concerning

which a clerical error originally was alleged by defendant-intervenor Timken.  Def.'s Mot. 1-3.

Thus, all parties to this case appear to agree that the packing expense adjustment is in need of

some type of recalculation.  Denying defendant's motion would have the effect of delaying any

correction that might be necessary until the Department issues remand results in response to a

future court order.  In the event of such delay, cash deposit rates set according to the Final

Results will be in effect but may not be correct.  In addition, the recalculation will affect the

margins and deposit rates of producer/exporters who are not parties to this case or to *JTEKT*

*Corp.* and *Aisin Seiki Co.*, and whose entries therefore are not subject to an injunction against

liquidation.  Allowing correction of the calculation error will further the congressional purpose

underlying 19 U.S.C. § 1675(h) by preventing liquidation of entries of merchandise according to

a margin affected by an incorrect calculation.

        The second factor the court considers is procedural fairness to the parties to this case.

The court concludes that granting defendant's motion will not cause prejudice to any party.

Plaintiffs may contest the amended final determination the Department is prepared to publish and

thereby raise any issues related to the Department's new calculation of NTN's home-market

packing expense adjustment.  Defendant-intervenor also will have the opportunity to raise such

issues.

        The next question is whether delay of the progress of this case is an adequate justification

for denying defendant's motion.  To some extent, delaying correction of an error in the packing

cost adjustment could expedite this proceeding by avoiding issuance of amended final results and

avoiding the need for parties to amend their pleadings.  However, the potential delay occasioned

by the granting of defendant's motion will not be significant.  Defendant only recently, on

November 10, 2008, filed the administrative record for this case.  With further respect to the

question of possible delay, it cannot be known at this stage of the litigation whether the issues

raised in this case other than the packing expense adjustment issue will result in a remand to the

Department.  In the event that a remand does not result from these other issues, a denial of

defendant's motion might necessitate a later remand solely for the purpose of correcting the

packing expense adjustment calculation.

        Defendant informs the court that Commerce is prepared to publish the amended final

results within seventeen calendar days of the court's Order and that it will supplement the

administrative record as necessary within two days of publication of the amended final results in

the Federal Register.  Def.'s Submission as Ordered at the Nov. 18, 2008 Status Conference 1-2.

So that untoward delay does not result from the granting of defendant's motion, the court's Order

provides that any amended final results that the Department chooses to issue must be published

in the Federal Register by December 15, 2008 and that the administrative record must be

supplemented two days after that date, by December 17, 2008.  Absent truly extraordinary

circumstances, the court will not grant extensions of these time periods.  Should Commerce not

publish amended final results by the original or extended due date, any amended final results that

are published thereafter will be null and void as unauthorized by the court, and this case will

proceed upon the review of the Final Results.

        With respect to the costs of litigating this case, the court's granting of defendant's motion

will necessitate the filing of pleadings directed to the amended final results.  This would not

appear to be a complex or burdensome task.  The court is granting plaintiff, pursuant to USCIT

Rule 3(e), leave to file an amended summons and, pursuant to USCIT Rule 15(a), leave to file an

amended complaint, and thus plaintiffs need not incur an additional filing fee as provided for in

USCIT Rule 3(b).[2]

Plaintiffs raise several arguments in opposing defendant's motion in addition to their

arguments concerning judicial economy and fairness, which are addressed above.  Plaintiffs

argue, first, that the motion is actually a request for a remand to the Department and that this

request is not supported by an adequate showing of need.  Pls.' Opp'n 1-2.  The court does not

view defendant's motion as a request for a remand.  The court would order a remand of the Final

Results if it concluded, based on a judicial review proceeding conducted according to USCIT

Rule 56.2, or based on the arguments the parties presented concerning a motion for a voluntary

remand, that the Final Results as published on September 11, 2008 are not in accordance with

law.  Plaintiffs' argument mischaracterizes defendant's motion, which instead of seeking a

voluntary remand of the September 11, 2008 Final Results seeks leave for Commerce to supplant

the Final Results with amended final results that would incorporate a ministerial error correction.

The amended final results then would become the final administrative decision potentially

subject to judicial review.

Plaintiffs' second argument is that the government's motion is premature in attempting to

"circumvent the traditional progress of a case in the Court of International Trade," pointing out

that the government has not yet filed an answer to the complaint and that Commerce has not yet

filed the administrative record (which was filed not long after plaintiffs filed their opposition to

---

[2] The Court of International Trade, in circumstances similar to those of this case, granted leave for the filing of amended final results to correct alleged ministerial errors.  *Federal-Mogul Corp. v. United States*, 16 CIT 975, 983, 809 F. Supp. 105, 112 (1992).  In that case, the Court of International Trade allowed parties to file amended pleadings.  *Id*.

the motion).  *Id.* at 2.  This argument is inconsistent with the Court's Rules, under which no

answer to the complaint is filed in a case invoking the Court's jurisdiction under 28 U.S.C.

§ 1581(c).  *See* USCIT R. 7(a) ("There shall be a complaint and, *except for an action described

in 28 U.S.C. § 1581(c)*, an answer . . . ." (emphasis added)).

Plaintiffs argue that defendant's motion is premature, vague, and lacking in supporting

legal and factual analysis.  Pls.' Opp'n 2-3, 6.  Plaintiffs assert that NTN cannot properly assess

any suggested correction and that the court, absent facts before it, cannot assess whether the

ministerial error has occurred (even though plaintiffs acknowledge that it has), whether the

correction is appropriate, or whether the form of the correction will truly be ministerial.  *Id.*

at 2-3.  Contrary to the premise of this argument, the court need not decide the merits of the

home-market packing expense adjustment issue to rule on defendant's motion.  NTN need not

assess the merits of this issue at this time because it will have the opportunity to do so after

amended final results are published and the administrative record is supplemented as necessary.

The merits of the issue may be litigated along with the other issues presented for judicial review.

Plaintiffs' remaining argument is that the court should deny defendant's motion because

the Department's own actions in implementing its "fifteen-day" policy required plaintiffs to file

this case prematurely, before the Department had time to implement the ministerial error

correction.  *Id*. at 6-7.  Plaintiffs attach significance to the Department's announcing in the Final

Results its intention to issue assessment and liquidation instructions to United States Customs

and Border Protection ("CBP") fifteen days after publication of the Final Results.  *Final Results*,

73 Fed. Reg. at 52,825.

The court is aware that the Department's policy of issuing assessment and liquidation

instructions to CBP within fifteen days of publication, and its related practice of drafting such

instructions to allow immediate liquidation of affected entries, cause parties to file, on an

extremely time-sensitive basis, pleadings contesting final determinations in antidumping duty

proceedings, and motions for preliminary injunctions (and in some cases temporary restraining

orders) to prevent liquidation of affected entries.  In the case at bar, plaintiffs filed their

summons, complaint, and motion for a preliminary injunction against liquidation fourteen days

after publication of the Final Results.  The court, in granting defendant's motion subject to

conditions, as stated in this Opinion and Order, does not express approval of the Department's

"fifteen-day" policy, which has not been challenged in this case.  It would appear that

Commerce's adoption of a more carefully-considered policy could benefit affected parties by

avoiding costs, burdens, and inconvenience.  Denying defendant's motion could have the effect

of encouraging the Department to pursue such a change.  Nevertheless, the court declines to

place the objective of influencing an agency policy that will affect future cases above

considerations in the case now before the court.  As discussed in this Opinion and Order, those

considerations are the congressional intent underlying 19 U.S.C. § 1675(h), fairness to all parties,

and avoidance of unnecessary delay and expense.

### III. CONCLUSION AND ORDER

The court concludes that Commerce should be permitted to issue amended final results in

accordance with this Opinion and Order.  Accordingly, and in consideration of all papers and

proceedings herein, it is hereby

**Court No. 08-00329**                                               **Page 11**

**ORDERED** that Defendant's Motion for Leave to Publish Amended Final Results Correcting a Ministerial Error, as filed on October 1, 2008, be, and hereby is, GRANTED subject to the conditions set forth in this Opinion and Order; it is further

**ORDERED** that Commerce is authorized to publish in the Federal Register, by no later than December 15, 2008, amended final results in the administrative review that is the subject of the Federal Register notice, *Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews and Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008), for the sole purpose of addressing a possible clerical error in the calculation of the adjustment for plaintiff NTN's home-market packing expenses; it is further

**ORDERED** that the Department shall file, by no later than December 17, 2008, any documents required to complete the administrative record in conformance with the amended final results; it is further

**ORDERED** that, as an exercise of the court's jurisdiction over this proceeding, any amended final results directed to the above-described administrative review that are published in the Federal Register after the original or extended due date established by the court are hereby declared null and void; it is further

**ORDERED** that, if amended final results are issued, plaintiffs, pursuant to USCIT Rule 3(e), hereby are granted leave to file an amended summons and, pursuant to USCIT Rule 15(a), an amended complaint, by no later than January 14, 2009; it is further

**ORDERED** that defendant-intervenor The Timken Company will maintain its status as defendant-intervenor, first ordered by the court on October 9, 2008, following the issuance of amended final results and the filing of an amended summons and complaint as authorized by this Order; and it is further

**ORDERED** that the injunction entered by the Court by the order dated September 30, 2008 remains in effect according to the terms of that order.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: November 24, 2008
      New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                                 Deputy Clerk