Slip Op. 14-64

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JTEKT CORPORATION, et al.**, Plaintiffs, v. **UNITED STATES**, Defendant, and **THE TIMKEN COMPANY**, Defendant-intervenor. | Before: Timothy C. Stanceu, Judge<br><br>Consol. Court No. 08-00324 |

# OPINION

[Denying as moot plaintiffs' motion to stay and affirming the final determination issued by the U.S. Department of Commerce in the eighteenth administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom]

Dated: June 11, 2014

*Neil R. Ellis*, Sidley Austin LLP, of Washington, DC, argued for plaintiffs JTEKT Corp. and Koyo Corp. of U.S.A. With him on the brief was *Dave M. Wharwood*.

*Diane A. MacDonald*, Baker & McKenzie, LLP, of Chicago, IL, argued for plaintiffs American NTN Bearing Manufacturing Corp., NTN Bearing Corp. of America, NTN-Bower Corp., NTN Corp., NTN Driveshaft, Inc., and NTN-BCA Corp. With her on the brief was *Kevin M. O'Brien*.

*Daniel J. Cannistra*, Crowell & Moring, LLP, of Washington, DC, for plaintiffs Aisin Seiki Co., Ltd. and Aisin Holdings America, Inc.

*Loren Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant United States. With her on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director. Of counsel on the brief were *Shana Hofstetter* and

*Daniel J. Calhoun*, Attorneys, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce.

*Geert M. De Prest*, Stewart and Stewart, of Washington, DC, argued for defendant-intervenor the Timken Company. With him on the brief were *Terence P. Stewart* and *Lane S. Hurewitz*.

Stanceu, Judge: In this consolidated action, plaintiffs challenged various aspects of the final determination ("Final Results") issued by the U.S. Department of Commerce ("Commerce" or the "Department") to conclude the eighteenth administrative reviews of antidumping duty orders (the "Orders") on ball bearings and parts thereof ("subject merchandise") from France, Germany, Italy, Japan, and the United Kingdom. Am. Compl. ¶ 2 (Jan. 14, 2009), ECF No. 30; *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*").

Before the court is the determination on remand ("Remand Redetermination") that Commerce submitted in response to the court's opinion and order in *JTEKT Corp. v. United States*, 35 CIT __, Slip. Op. 11-158 (Dec. 15, 2011) ("*JTEKT III*"). Final Results of Determination Pursuant to Remand (Feb. 27, 2012), ECF No. 90 ("Remand Redetermination"). Also before the court is plaintiffs' motion to stay this case. Pls.' Mot. to Extend Stay (Aug. 9, 2013), ECF No. 104 ("Stay Mot."). The court denies as moot the motion to stay and for the reasons discussed herein enters a judgment affirming the Remand Redetermination.

## I. BACKGROUND

JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") brought an action pursuant to Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a, to contest certain determinations made by Commerce in the Final Results of the eighteenth administrative reviews. Am. Compl. ¶ 2. These reviews cover entries of subject merchandise made from May 1, 2006

through April 30, 2007 ("period of review" or "POR").[1] *Final Results*, 73 Fed. Reg. at 52,823. The court consolidated JTEKT's challenge with other cases contesting the Final Results brought by plaintiffs American NTN Bearing Manufacturing Corp., NTN Bearing Corp. of America, NTN-Bower Corp., NTN Corp., NTN Driveshaft, Inc., and NTN-BCA Corp. (collectively, "NTN") and Aisin Seiki Company, Ltd. and Aisin Holdings America, Inc. (collectively, "Aisin").[2] Order (Feb. 18, 2009), ECF No. 32 (consolidating cases). The Timken Company ("Timken") is the defendant-intervenor in the consolidated case. Order (Oct. 10, 2008), ECF No. 20.

In *JTEKT Corp. v. United States*, 34 CIT __, 717 F. Supp. 2d 1322 (2010) ("*JTEKT I*"), the court affirmed the Final Results. In *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011) ("*JTEKT II*"), the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") affirmed in part, and vacated and remanded in part, the judgment issued in *JTEKT I*. The Court of Appeals vacated and remanded the judgment concerning one issue, the court's affirmance of the Department's decision to apply the "zeroing" methodology, described herein, in the Final Results. *Id.* at 1385. In *JTEKT III*, 35 CIT at __, Slip. Op. 11-158 at 2, 7-8, the court, in compliance with the mandate issued by the Court of Appeals, issued an opinion and order remanding the Final Results to Commerce. The background of this litigation is summarized in these prior opinions.

On February 27, 2012, Commerce submitted the Remand Redetermination, and Timken and NTN each submitted comments on January 24, 2012 and March 28, 2012, respectively.

---

[1] All statutory citations herein are to the 2006 edition of the United States Code.

[2] The court consolidated court numbers 08-00329 and 08-00370 under court number 08-00324. Order (Feb. 18, 2009), ECF No. 32 (consolidating cases).

Timken's Comments on the Remand Determination, ECF No. 92-4; Plaintiffs' Comments on the Dep't of Commerce's Remand Determination, ECF No. 94.  In response to a consent motion brought by NTN, the court, before reviewing the Remand Redetermination, stayed this case until thirty days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Case No. 2012-1248.  Order (Apr. 17, 2012) (staying case).  On April 16, 2013, the Court of Appeals issued an opinion in *Union Steel v. United States*, 713 F.3d 1101, 1109 (Fed. Cir. 2013) ("*Union Steel*"), affirming a decision of the U.S. Court of International Trade that held that Commerce had provided a reasonable explanation for its simultaneous use of the zeroing methodology in administrative reviews while eliminating the methodology in antidumping investigations.  *See Union Steel v. United States*, 36 CIT __, 823 F. Supp. 2d 1346 (2012), *aff'd*, 713 F.3d 1101 (Fed. Cir. 2013).  The Court of Appeals issued its mandate on June 10, 2013, and the time for filing a petition for writ of certiorari with the U.S. Supreme Court expired on July 15, 2013.  Sup. Ct. R. 13.

On August 9, 2013, plaintiffs filed a motion to extend the stay of further proceedings in this case pending the resolution of all appeals in *NSK Corp. v. U.S. Int'l Trade Comm'n*, 716 F.3d 1352 (Fed. Cir. 2013) ("*NSK*"), a case involving the second sunset reviews of the Orders underlying the administrative reviews at issue in this litigation.  Stay Mot. 1-3.  Defendant United States opposes a stay, Def.'s Opp'n to Pls.' Mot. to Extend Stay (Aug. 27, 2013), ECF No. 106, and defendant-intervenor Timken takes no position, Timken Co. Does Not Take a Position on JTEKT, NTN, NSK, & AISIN's Joint Mot. to Stay Proceedings (Aug. 28, 2013), ECF No. 107.

## II. DISCUSSION

Section 201 of the Customs Courts Act of 1980 grants this court subject matter jurisdiction over this action. 28 U.S.C. § 1581(c). The court is directed to "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." *See* Tariff Act of 1930 ("Tariff Act") § 516A, 19 U.S.C. § 1516a(b)(1).

### A. The Department's Application of Zeroing in the Remand Redetermination is Sustained

In an administrative review, Commerce determines both the normal value and the export price ("EP"), or, if the EP cannot be determined, the constructed export price ("CEP"), for the subject merchandise under review. Tariff Act § 751, 19 U.S.C. § 1675(a)(2)(A)(i). Commerce then determines an antidumping duty margin by calculating the amount by which the normal value exceeds the EP or CEP. *Id.* §§ 1675(a)(2)(A)(ii), 1677(35)(A). When Commerce determined an antidumping duty margin according to the zeroing methodology, as it did in the eighteenth administrative reviews, it assigned a value of zero, rather than a negative margin, where the normal value is less than the EP or CEP. *Union Steel*, 713 F.3d at 1104. Commerce then aggregated these margins to calculate a weighted-average dumping margin. 19 U.S.C. § 1677(35)(B).

In *JTEKT III*, the court instructed Commerce to either reconsider its use of zeroing in calculating the weighted-average dumping margins or "explain how the language of 19 U.S.C. § 1677(35) permissibly may be construed in one way with respect to the use of the zeroing methodology in antidumping investigations and the opposite way with respect to the use of that methodology in antidumping administrative reviews." *JTEKT III*, 35 CIT at __, Slip. Op. 11-158 at 8. The court also directed Commerce to redetermine NTN's antidumping duty margin if

Commerce chose on remand to modify the decision to apply zeroing.³  *Id.*  In the Remand Redetermination, Commerce did not modify its decision to apply zeroing and did not recalculate NTN's margin.  Remand Redetermination 2, 5.  Commerce, however, provided an explanation for its continuing to apply zeroing in administrative reviews even though it had ceased using zeroing in antidumping investigations.  *Id.* at 5-17.  In *Union Steel*, the Court of Appeals affirmed the Department's use of zeroing in circumstances analogous to those presented by this case.  *Union Steel*, 713 F.3d at 1103.  Upon considering the Department's explanation for its use of zeroing and the opinion of the Court of Appeals in *Union Steel*, the court concludes that *Union Steel* is dispositive of the zeroing claim remaining at issue in this action and sustains the Department's use of zeroing in the Remand Redetermination.

<u>B.  The Court Denies as Moot Plaintiffs' Motion to Stay this Case</u>

Plaintiffs seek a stay pending the resolutions of both a petition for rehearing by the Court of Appeals and any later petition for a writ of certiorari to the U.S. Supreme Court in *NSK Corp. v. U.S. Int'l Trade Comm'n*, 716 F.3d 1352 (Fed. Cir. 2013) ("*NSK*").  Stay Mot. 1-2.  On October 25, 2013, the Court of Appeals issued a decision denying the *NSK* plaintiffs' combined petition for panel rehearing and rehearing en banc, *NSK Corp. v. U.S. Int'l Trade Comm'n*, 542 F. App'x 950 (Fed. Cir. 2013), and on November 6, 2013, the Court of Appeals issued its mandate.  On February 21, 2014, the *NSK* plaintiffs filed a petition for a writ of certiorari, which the U.S. Supreme Court denied on June 2, 2014.  *See* Pet. for Writ of Certiorari, U.S. Sup. Ct.

---

³ Only American NTN Bearing Manufacturing Corp., NTN Bearing Corp. of America, NTN-Bower Corp., NTN Corp., NTN Driveshaft, Inc., and NTN-BCA Corp. appealed the court's determination in *JTEKT Corp. v. United States*, 34 CIT __, 717 F. Supp. 2d 1322 (2010) ("*JTEKT I*") concerning zeroing.  *See JTEKT Corp. v. United States*, 642 F.3d 1378, 1383-1385 (Fed. Cir. 2011) ("*JTEKT II*").

Docket No. 13-1014.  Based on these developments, the court denies as moot plaintiff's request for a stay of these proceedings.

### III. CONCLUSION

For the reasons discussed herein, the court will deny plaintiffs' request for relief on the claim challenging the use of zeroing in the Remand Redetermination and the motion for a stay. The court will enter a judgment affirming the Remand Redetermination.

                                                          /s/Timothy C. Stanceu
                                                        Timothy C. Stanceu
                                                        Judge

Dated: June 11, 2014
New York, New York